The motion is to strike the bill of complaint for want of equity.
The complainants are stockholders and directors of the Guarantee Building and Loan Association, a corporation of New Jersey, under the supervision of the Commissioner of Banking and Insurance. The defendants are Julius E. Flink, conservator of said association, and Carl K. Withers, the present Commissioner of Banking and Insurance. The association itself is not a party.
The defendant conservator was appointed on May 26th, 1933, by William H. Kelly, the then Commissioner of Banking and Insurance, pursuant to the authority of chapter 166, P.L. 1933, since which time the business and affairs of the association have been conducted and directed by said conservator under the supervision of the Commissioner, and, as alleged in the bill, with profit to the shareholders. The bill also alleges that on October 15th, 1935, the present Commissioner of Banking and Insurance directed the defendant *Page 166 
conservator to turn over all of the books, records and papers of the association to the newly organized Department of Conservation of the Bureau of Banking and Insurance, and to make such delivery at once, but that the conservator has not yet complied with such direction. The bill seeks to enjoin him from such compliance and also a decree directing him and the defendant Commissioner to release and surrender control and possession of the assets, business and affairs of said association to its officers and directors, and directing the defendant conservator to account in this court for his administration. There is also a prayer that this court take jurisdiction of the trust estate and administer the same pending the return thereof to the association; and that upon taking jurisdiction it investigate the conduct of such estate and determine the respective rights and liabilities of the association, its creditors and shareholders.
Since the appointment of the defendant conservator chapter166, P.L. 1933 has been twice amended, the final act of amendment being chapter 381, P.L. 1933, to which act we are referred for the powers and duties of the defendants in the premises.
While I have no doubt of the right of a stockholder of the Guarantee Building and Loan Association to apply to this court for an injunction to restrain the Commissioner of Banking and Insurance and his conservator from a continuance of their administration of this trust in the event of malfeasance or misfeasance, a careful perusal of the bill of complaint fails to disclose any valid ground for complaint against these officials or their administration of this trust. On the contrary, the bill alleges such a creditable performance by the conservator under the supervision of the Commissioner as is claimed to warrant the return of the trust estate to the officers and directors of the Association itself. Attached to the bill of complaint is a letter of the conservator directed to the Deputy Commissioner of Banking and Insurance in charge of building and loan associations suggesting that course, and the complaint seems to be that this recommendation has not yet been acted upon by the Commissioner.Chapter 381, P.L. 1933, provides that: *Page 167 
"If the commissioner becomes satisfied that it may safely be done and that it would be in the public interest he may, in his discretion terminate the conservatorship and permit such association to resume the transaction of its business subject to such terms, conditions, restrictions and limitations as he may prescribe, in which event said association shall become revested with title to all the real and personal property wherever situated."
It must be assumed, in the absence of any allegation of facts indicating the contrary, that in still continuing the conservatorship of this association the Commissioner is acting honestly and in the proper exercise of the discretion committed to him by the legislature. No such facts are alleged in the bill of complaint nor is there any allegation of facts indicating an abuse of that discretion. It is assumed, of course, that the conservator will be required to account to the Commissioner for his administration of the association's business and affairs.
It is also alleged in the bill of complaint, arguendo, that prior to the appointment of the conservator the Commissioner of Banking and Insurance had not entered into possession of the property, business and affairs of the association, and was not in possession thereof at the time of such appointment, and the deduction is drawn from these facts that the appointment was unwarranted; but nowhere in the act authorizing the appointment of a conservator is there any requirement that the Commissioner "take possession" before such appointment. The pertinent provisions concerning the taking of possession of building and loan associations by the Commissioner of Banking and Insurance are contained in chapter 36, P.L. 1933. It is under one of the provisions of subsection 2 of paragraph A of section 1 of that act that "whenever any such association, of whose property and business the Commissioner shall have taken possession as aforesaid, or any member thereof deems itself of himself aggrieved by any act of the Commissioner done pursuant to this section, such association or such member may, at any time after such taking possession, apply to the Court of Chancery to enjoin further proceedings," c. (see P.L. 1933 p. 69) that counsel for the complainant claims the right to file the present bill. *Page 168 
But the quoted language has no application to this controversy and is not authority for the bill. The powers and authority conferred upon the Commissioner of Banking and Insurance bychapter 381, P.L. 1933, are in addition to all other powers conferred by previous legislation and are unabridged thereby.
The bill also complains that the Commissioner has not permitted the conservator to establish "true share values" as a result of which the conservator has been unable to dispose of real estate owned by the association and accept in part or full payment therefor shares of the association or accept such shares in payment of mortgages owned by the association. But these are administrative matters requiring the exercise of judgment and discretion by the Commissioner pursuant to legislative authority. With his administration and the exercise of his powers, so long as the Commissioner is acting bona fide, this court should not interfere.
It is also alleged in the bill of complaint, arguendo, that the Commissioner has no power to discharge the defendant conservator and appoint another or others in his stead and that upon such discharge, if permitted, the title to the assets of the association will remain in the conservator as an individual, thus causing inconvenience and confusion. But section 3, chapter 381,P.L. 1933, provides that "The Commissioner shall have authority to repeal, suspend or modify any order made by him pursuant to the provisions of this law." The powers thus conferred are sufficiently broad to authorize the Commissioner to remove, at will, a conservator appointed by him and substitute another or others in his place and stead; in fact, that is exactly what he has done in this instance. The new conservator succeeds, by operation of law, to whatever title the original conservator had. The situation this created is similar to that resulting from the removal or discharge of an insolvency receiver appointed by this court and the appointment of a new receiver in his place and stead. In fact section (g) of chapter 381, P.L. 1933, provides that "Such conservators shall have all the rights, powers and privileges now possessed by or hereafter given receivers of corporations organized and existing under the laws of this *Page 169 
state" and "During the time that such conservator remains in possession of such association, the rights of all parties with respect thereto shall, subject to the provisions of this subchapter, be the same as if a receiver had been appointed therefor." But that language does not justify this bill. An insolvency receiver appointed by this court would be removed only for just cause, not upon whimsical grounds. And so as to a conservator of a building and loan association appointed by the Commissioner of Banking and Insurance pursuant to chapter 381,P.L. 1933.
There being no allegations of misfeasance or malfeasance on the part of the Commissioner or his conservator, this court should not interfere with the orderly administration of the affairs of the association, especially where it is sought merely to substitute the court's discretion for that of the Commissioner. The public policy of this state, as evidenced by the acts of the legislature referred to, is to commit the supervision and administration of the affairs of building and loan associations exclusively to the Commissioner of Banking and Insurance and no act of this court should run counter to that policy except in the case of misfeasance or malfeasance amounting to a breach of trust, notwithstanding this court's inherent jurisdiction over all trusts.
 The bill will be dismissed. *Page 170